UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JORGE LUIS LUA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CR-157-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jorge Luis Lua's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 16], filed on November 10, 2026.

Defendant asks the Court to continue the December 15, 2026 trial date for approximately ninety days and to reset the November 13, 2026 plea deadline [*Id.* at 1–2]. As grounds, Defendant states that Defendant first appeared and counsel was appointed on October 16, 2026 [*Id.* ¶ 1]. He submits that counsel needs more time to engage in plea negotiations and if negotiations are not fruitful, to prepare the case for trial [*Id.* ¶¶ 2–3]. The motion also relates that the Government may bring additional charges [*Id.* ¶ 2]. Defendant is aware of his speedy trial rights and understands all time between the filing of this motion and the new trial date will be fully excludable for speedy trial purposes [*Id.* ¶ 4]. The motion relates that the Government does not oppose the requested continuance [*Id.* ¶ 5].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to engage in plea negotiations and otherwise to prepare for trial. The Court finds that all of this cannot occur before the December 15, 2026 trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 16**]. The trial of this case is reset to **April 13, 2027**, and a new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on November 10, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 16**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 13, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 10, 2026**, and the new trial date of **April 13, 2027**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 12, 2027**;

(5) the deadline for filing motions *in limine* is **March 29, 2027**, and responses to motions *in limine* are due on or before **April 6, 2027**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 30, 2027, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 2, 2027**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge